Nicky Jatana (SBN 197682)
Adam Y. Siegel (SBN 238568)
Vi Applen (SBN 273623)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017
Telephone: 213.689.0404
Facsimile: 213.689.0430
JatanaN@jacksonlewis.com
SiegelA@jacksonlewis.com
Vi.Applen@jacksonlewis.com

Attorneys for Defendant
ANHEUSER-BUSCH, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNANDEZ as an individual and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ANHEUSER-BUSCH, LLC, a Missouri limited liability company; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: 2:17-cv-1112 <br><br> **CLASS ACTION** <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT BY DEFENDANT ANHEUSER-BUSCH, LLC** <br><br> [28 U.S.C. §§1331, 1332 (as amended by the Class Action Fairness Act of 2005, 1441, and 1446] <br><br> [Filed concurrently with the Declaration of Adam Siegel, Declaration of Scott Keller; Declaration of Thomas Larson; Civil Case Cover Sheet; Notice of Interested Parties; and Disclosure Statement] <br><br> Complaint Filed: January 9, 2017 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, under 28 U.S.C §§ 1331, 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA"), 1441 and 1446, Defendant Anheuser-Busch, LLC ("Defendant"), hereby removes to this Court the California action described below.

## INTRODUCTION

1.    On January 9, 2017, JOSE HERNANDEZ ("Plaintiff") filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of Los Angeles captioned *Jose Hernandez, as an individual and on behalf of all others similarly situated v. Anheuser-Busch, LLC, a Missouri limited liability company; Does 1 through 50, inclusive,* Case No.: BC 646330 ("State Court Action"), which alleges violations of: (1) failure to provide meal breaks (Labor Code §§ 226.7 and 512); (2) failure to provide rest breaks (Labor Code § 226.7); (3) inaccurate wage statements (Labor Code § 226); (4) failure to pay overtime wages (Labor Code §§ 510, 558 and 1194) (5) civil penalties under the Private Attorneys General Act (Labor Code § 2698 *et seq.*); and (6) Unfair Competition (Bus. & Prof. Code § 17200 *et seq.*).

2.    On January 12, 2017, Plaintiff served Defendant's agent for service of process with the summons and Complaint.  A copy of the Summons, Complaint, Notice of Case Management Conference, and other related court documents received by Defendant is attached as **Exhibit A** to the Declaration of Adam Siegel ("Siegel Decl.").

3.    On February 9, 2017, Defendant filed and served its Answer in the Los Angeles County Superior Court.  Siegel Decl., **Exhibit B.**

## TIMELINESS OF REMOVAL

4.    This Notice of Removal is filed within thirty (30) days from when Plaintiff served Defendant with his Summons and Complaint.  This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. section 1446(b).

5.    In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel and filed with the Clerk of the Los Angeles County

**NOTICE OF REMOVAL**

Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## DIVERSITY JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

6. Pursuant to Section 4 of CAFA, 28 U.S.C. § 1332(d)(2) has been amended to provide, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

7. In addition, CAFA confers jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).[1]

8. As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(d), in that, based on the allegations set forth in the Complaint by Plaintiff, it is a civil action filed as a class action involving more than 100 members, the matter in controversy exceeds the sum of $5,000,000 (*see infra*), exclusive of interest and costs, and Plaintiff is a citizen of a state different from Defendant. Furthermore, the Defendant is not a State, State official, or other governmental entity. CAFA's diversity requirement is satisfied when any member of a

---

[1] It should be noted that approximately 1,344 of the putative class members Plaintiff seeks to represent are members of various unions. Scott Keller Decl., ¶ 9. Thus, this action also arises under Section 301 of the Labor Management Relations Act ("LMRA" or "Section 301"), 29 U.S.C. § 185, an act of Congress over which this Court has original jurisdiction without regard to the amount in controversy pursuant to 28 U.S.C. § 1331. Section 301 provides the basis for federal jurisdiction and authorizes federal courts to develop federal common law in interpreting and applying collective bargaining agreements ("CBAs"). *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411-13 (1988); *Local 174, Teamsters of Am. v. Lucas Flower Co.*, 369 U.S. 95, 103-05 (1962); *Textile Workers Union v. Lincoln Mills of Alabama*, 355 U.S. 448, 451-56 (1957); *Hernandez v. Pac. Mar. Ass'n*, 2010 U.S. App. LEXIS 10216, **2-3 (9th Cir. 2010); *Hill v. Boeing Co.*, 765 F.Supp.2d 1208, 1213-14 (9th Cir. 2011). To ensure the uniform interpretation and application of CBAs, Section 301 preempts state law in the interpretation, application and enforcement of CBAs. *See id.*

---

## NOTICE OF REMOVAL

class of plaintiffs is a citizen of a state different from **any** defendant, when at least one member of a class of plaintiffs is a citizen of a foreign state and one defendant is a U.S. citizen, or when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. § 1332(d)(2).

9.    Citizenship of the parties in this matter is determined by their citizenship status at the time of the lawsuit's commencement. *See Mann v. City of Tucson*, 782 F.2d 790 (9th Cir. 1986).

10.    Plaintiff is a citizen of California. For diversity purposes, an individual is a "citizen" of the State in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). Plaintiff alleges in his Complaint that he performed work for Defendant in the County of Los Angeles. Complaint ¶ 7. Further, Defendant is informed and believes Plaintiff was at all times relevant, domiciled in California. Declaration of Scott Keller ("Keller Decl."), ¶ 3. Plaintiff's home addresses, throughout the entirety of his employment with Defendant from August 13, 2016 through October 8, 2016, were all located in California, specifically in Sherwood Forrest, California. Keller Decl., ¶ 3. Accordingly, Plaintiff was at all relevant times, and still is, a citizen of California.

11.    A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).

12.    Defendant is, and was at the time of the institution of this civil action, and at all times intervening, a limited liability company under the laws of the State of Missouri. Defendant's principal place of business is in the State of Missouri. Declaration of Thomas Larson ("Larson Decl."), ¶¶ 3-5. The state of Missouri is where Defendant's primary administrative and operational functions are conducted and where some high level officers direct, control, and coordinate certain company activities. *Id.* at ¶ 3; *The Hertz Corporation v. Friend* (2010) 130 S. Ct. 1181, 1192. Applying the "nerve center"

**NOTICE OF REMOVAL**

test, Missouri is thus the state where Defendant's primary administrative and operational functions are conducted and where some high level officers direct, control, and coordinate various company activities—i.e., the principal place of business of Defendant. *Id.* at ¶ 3. Defendant has one member – Anheuser-Busch Companies, LLC which is a Delaware limited liability company and has its principal place of business in Missouri. *Id.* at ¶ 3. Anheuser-Busch Companies, LLC has one member – Anheuser-Busch InBev Worldwide Inc. which is incorporated in Delaware and has its principal place of business in Missouri. Defendant is therefore a citizen of Delaware and Missouri.

13.    The presence of Doe defendants has no bearing on the diversity with respect to removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.")

14.    Therefore, the diversity of citizenship requirement under CAFA is satisfied in that Plaintiff is a California citizen and Defendant is a dual citizen of Delaware and Missouri.[2]

## AMOUNT IN CONTROVERSY

15.    CAFA, 28 U.S.C. section 1332(d), authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5,000,000. The U.S. Supreme Court, in *Dart Cherokee Basin Operating Company, LLC v. Owens*, 574 U.S. ___, 135 S. Ct. 547, 554 (2014), held that where a plaintiff's complaint is silent as to whether the amount in controversy is less than CAFA's jurisdictional threshold of $5,000,000 "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."

16.    Additionally, 28 U.S.C. § 1332(a) authorizes the removal of cases in which, among other factors addressed above, the amount in controversy exceeds the sum or

---

[2] Certain executive and management functions of Defendant are conducted in New York City, New York. Larson Decl. ¶ 3. However, as stated above, Missouri is a center of Defendant's direction, control, and coordination. *See L'Garde, Inc. v. Raytheon Space & Airborne Systems*, 805 F.Supp.2d 932, 939-40 (finding Defendant corporation's corporate nerve center was in Massachusetts despite widespread business activity in California, including five of 12 corporate officers, including CEO, worked in California).

value of $75,000, exclusive of interest and costs. Where the plaintiff's complaint is silent to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claim exceeds the jurisdictional minimum. *Guglielmino v. McKee Foods, Corp.* (9th Cir. 2007) 506 F.3d 696, 699; *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 95 F.3d 856, 860-61. That is, a plaintiff's failure to specify in the complaint the total amount of damages she seeks does not deprive this Court of jurisdiction. *See, e.g., White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (a defendant may remove a suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim.").

17.    Here, Plaintiff makes no allegation as to the total amount in controversy for his claims. *See* Siegel Decl., **Exhibit A**. Accordingly, Defendant hereby alleges that, based on the claims in the Complaint, the number of putative class members and the damages alleged by Plaintiff, it is clear that Plaintiff has put the amount in controversy at an amount in excess of $5,000,000, exclusive of attorneys' fees, interests and costs.

18.    In determining whether amount in controversy requirement is met, "the ultimate inquiry is what amount is put 'in controversy' by plaintiff's complaint, not what a defendant will actually owe." *See Manier v. Medtech Prods., Inc.*, No. 14-CV-09-GPC (NLS), 2014 WL 1609655, at *2 (S.D. Cal. Apr. 22, 2014) (citation omitted). "The amount in controversy is merely an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Abreu v. Slide, Inc.*, No. 12-CV-00412 WHA, 2012 WL 1123367, at *2 (N.D. Cal. Apr. 3, 2012) (citing *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010)).

19.    The court adjudicating removal may determine the amount in controversy from the face of the complaint, from the face of defendant's notice of removal, or by considering any other evidence submitted by the parties. *See Atias v. Platinum HR Mgmt., LLC,* No. 14-CV-01877 MMM (FFMx), 2014 WL 3536557, at *9 (C.D. Cal. July

16, 2014); *see also Dart Cherokee Basin Operating Co. v. Owens,* No. 13-719, 134 S. Ct. 1788, 2014 WL 7010692, at *5 (Dec. 15, 2014) (holding that evidentiary submissions are not required for a notice of removal and that courts should accept the defendant's uncontroverted assertions in support of removal).

20.    Without admitting that Plaintiff could recover any damages or penalties, Defendant, in fact, can state to a legal certainty that the amount put in controversy by Plaintiff in this action exceeds $5,000,000, exclusive of attorney's fees, interest, and costs.

21.    Plaintiff's Inaccurate Wage Statements claim for relief alone satisfies the jurisdictional prerequisite for the amount in controversy under CAFA.  Plaintiff brings his Inaccurate Wage Statements claims on behalf of "all current and former California non-exempt employees of Defendant[] who received one or more itemized wage statements at any time between January 9, 2016, through the present."  Siegel Decl., **Exhibit A**, ¶ 15.    Importantly, Plaintiff alleges that his Wage Statement claim is independent of any other violation alleged in his Complaint. *Id.* at ¶ 8.  Plaintiff claims that he and the putative class members are entitled to recover penalties pursuant to Labor Code § 226. *Id.* at. ¶ 42.  Penalties under Labor Code § 226 accrue at $50.00 for the initial pay period in which a violation occurs, and $100.00 for each subsequent pay period, up to a maximum of $4,000.00.  Lab. Code § 226(e)(1).

22.    Based on Defendant's records, it currently employs 1,785 non-exempt employees in California ("putative class members").  Keller Decl., ¶ 4.  Of those 1,785 non-exempt employees, 179 are paid bi-weekly, and 1,606 are paid weekly.  Keller Decl., ¶ 4.  Assuming, for the sole purpose of determining the amount in controversy and as alleged in Plaintiff's Complaint, that Defendant provides inaccurate wage statements each pay period during this period (*i.e.* one year), the claimed penalties total approximately $8,727,350 calculated as follows:

a.    179 non-exempt employees paid bi-weekly:  [(179 employees x $50 per initial violation + (179 x $100 x 25 subsequent pay periods) =

$456,450;

    b.    1,606 non-exempt employees paid weekly: [(1,606 employees x $50 per initial violation + (1,606 x $100 x 51 subsequent pay periods) = $8,270,900

    c.    These amounts added together total $8,727,350.

23.    As demonstrated *infra*, the amount in controversy requirements of both CAFA and 28 U.S.C. § 1332(a) are satisfied.

## NUMEROSITY

24.    CAFA also provides that the district courts shall not have jurisdiction over actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

25.    Here, Plaintiff makes no allegation as to the class size. However, based upon Defendant's records, the putative class includes approximately 1,785 current non-exempt employees who were employed by Defendant in California, between January 9, 2016 to the present. Keller Decl., ¶ 4. Thus, the numerosity requirement has been met.

## VENUE IS PROPER

26.    Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) and 1391(c) because the state action was filed in this district and Defendant is subject to personal jurisdiction in the Central District of California.

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of Sacramento to this Court.

Dated: February 10, 2017        JACKSON LEWIS PC

                    By:    /s/ Adam Y. Siegel
                            Nicky Jatana
                            Adam Y. Siegel
                            Vi Applen
                            Attorneys for Defendants
                            ANHEUSER-BUSCH, LLC

## NOTICE OF REMOVAL